UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Richard Reinhardt p/k/a Richie Ramone,  :

    Plaintiff,  :

    -v-  :
Wal-Mart Stores, Inc., Apple, Inc.,
RealNetworks, Inc., Taco Tunes, Inc,  :
Ramones Productions, Inc.,
Estate of John Cummings, Herzog & Strauss and  :
Ira Herzog

    :

    Defendants.

    :

**AMENDED COMPLAINT**

07 CV 8233 (SAS)

**JURY TRIAL DEMANDED**

---

Plaintiff, by his attorneys, Roberts & Ritholz LLP, alleges as follows:

### PRELIMINARY STATEMENT

This is a civil action for copyright infringement. From 1983 to 1987 the plaintiff, Richard Reinhardt, p/k/a Richie Ramone ("Plaintiff" or "Richie"), was a member of the iconic punk band, The Ramones. During his tenure with The Ramones, Richie wrote, and is the sole author of six songs (the "Compositions"). The five Ramones Defendants (defined herein) comprise the core of the Ramones' management, and have broadly exploited the Compositions despite the absence of any agreement authorizing such uses. The remaining Defendants – Apple, Wal-Mart and Real Networks (the "Digital Defendants") sell digital downloads embodying the Compositions, under purported authorization from some of the Ramones Defendants. Significantly, Richie has never licensed or authorized the use of the Compositions in any digital formats. Accordingly, each of the Defendants has infringed Richie's copyright in the Compositions. This action seeks compensatory damages for the Defendants' infringing conduct and injunctive relief to prevent similar activity in the future.

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1338(a).

2. This Court has personal jurisdiction over each of the Defendants because each of the corporate defendants is doing business in New York and the individual defendant resides in New York.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391 (b).

## THE PARTIES

4. Plaintiff Richard Reinhardt is an individual residing in Scottsdale, Arizona.

5. Defendant Wal-Mart Stores, Inc. ("Wal-Mart") is, among other things, engaged in the business of distributing sound recordings and other digital media through its WalMart.com internet service. Wal-Mart is a Delaware corporation that maintains its principal place of business in Bentonville, Arkansas.

6. Defendant Apple, Inc. ("Apple") is, among other things, engaged in the business of distributing sound recordings and other digital media in electronic form through its iTunes service. Apple is a California corporation that maintains its principal place of business in Cupertino, California.

7. Defendant RealNetworks, Inc. ("Real") is engaged in the business of distributing sound recordings and other digital media in electronic form, and is a Washington corporation which maintains its principal place of business in Seattle, Washington. (Wal-Mart, Apple and Real are referred to collectively as the "Digital Defendants.").

8. Defendant Taco Tunes, Inc. ("Taco") is a New York Corporation engaged in the business of exploiting musical compositions owned by certain members of the Ramones, which maintains its principal place of business in New York.

9. Defendant Ramones Productions, Inc. ("RP") is a New York corporation engaged in the business of exploiting intellectual property, merchandise and other products associated with the Ramones, which maintains its principal place of business in New York.

10. Defendant Estate of John Cummings ("the Estate") is the estate of The Ramones' deceased lead man, who was professionally known as Johnny Ramone ("Cummings").

11. Defendant Herzog and Strauss ("HS") is a partnership engaged in the business of providing accounting, management and financial advisory services, which maintains its principal place of business in New York.

12. Defendant Ira Herzog is an individual living in the State of New York, and is a partner of Defendant HS. (Taco, RP, HS, the Estate and Herzog are referred to collectively as the "Ramones Defendants").

## FACTS COMMON TO ALL CLAIMS

13. Between 1983 and 1987, Plaintiff authored the six Compositions – *Smash You, Somebody Put Something in My Drink, Human Kind, I'm Not Jesus, I Know Better Now* and *(You) Can't Say Anything Nice*.

14. Each of the Compositions was solely authored by the Plaintiff.

15. Copyright registration applications (Form PA) have been filed in the U.S. Copyright Office for each of the Compositions prior to the date of this amended complaint.

16. In 1984, plaintiff entered into a recording agreement with RP (the "Recording Agreement"). The Recording Agreement provides for RP to engage Plaintiff to record with the

Ramones, and for RP to make royalty payments to Plaintiff that are attributable to his performances on certain Ramones recordings.

17. Although the Recording Agreement contemplates a music publishing agreement between Plaintiff and Taco, the parties never agreed to terms, and no agreement was ever completed.

18. Accordingly, subject to RP's right to exploit physical recordings embodying Ramones recordings, all of the Compositions are solely owned by Plaintiff, and neither Taco nor any other Ramones Defendant has ever had right to exploit the Compositions without Plaintiff's authorization.

19. In the Recording Agreement, Plaintiff granted RP the limited right create physical sound recordings embodying the Compositions. However, Plaintiff has never granted any other rights in the Compositions to any Defendant. Specifically, Plaintiff has never authorized the duplication, distribution, performance or other exploitation of the Compositions in any non-physical digital format or any other non-physical configuration.

20. In blatant contravention of Plaintiff's sole ownership of the Compositions, Defendant Taco has exploited the Compositions continuously for more than twenty (20) years, and has and continues to hold itself out as the publisher of the Compositions. Taco has also authorized third parties to use the Compositions without authorization from Plaintiff to do so.

21. Specifically, Taco has authorized the Digital Defendants to distribute and duplicate non-physical digital copies of the Compositions electronically (i.e. over the internet and wireless networks).

22. For more than twenty (20) years, Taco has collected royalties and other fees attributable to the Compositions.

23. For more than twenty (20) years, Taco's policies and operations have been controlled in whole or in part by Cummings and the Estate, Herzog, HS and RP.

24. Defendant Apple has continuously sold and offered to sell digital recordings of one or more of the Compositions on its iTunes service.

25. Defendant Wal-Mart has continuously sold and offered to sell digital recordings of one or more of the Compositions on its WalMart.com music download service.

26. Defendant Real has continuously sold and offered to sell digital recordings of one or more of the Compositions on its Real Store and Rhapsody service.

### FIRST CLAIM FOR RELIEF
(Copyright Infringement)

27. The allegations contained in Paragraphs 1 through 25 are repeated and realleged as if set forth fully herein.

28. As a result of Defendants' exploitation of the Compositions without Plaintiff's authorization, the Defendants have infringed Plaintiff's copyrights in the Compositions.

29. The Defendants conduct has been and continues to be knowing and willful.

30. As a result of the Defendants' conduct, Plaintiff has been injured in an amount to be determined at trial, but in no event less than $900,000.

### SECOND CLAIM FOR RELIEF
(Contributory Infringement – The Estate, Herzog, HS and RP)

31. The allegations contained in paragraphs 1 through 29 are repeated and realleged as if set forth fully herein.

32. By directing the policies, activities and operations of Taco, the Estate, Herzog, HS and RP are liable for contributory infringement of Plaintiff's copyrights in the Compositions.

33. The Estate, Herzog, HS and RP's conduct in directing the policies, activities and operations of Taco has been and continues to be knowing and willful.

34. As a result of the Estate, Herzog, HS and RP's contributory infringement of Plaintiff's copyrights, Plaintiff has been injured in an amount to be determined at trial, but in no event less than $900,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff's pray for judgment as follows:

a. All of Plaintiff's actual damages and Defendants' profits attributable to the infringement of Plaintiff's copyrights in the Compositions;

b. Statutory damages in the maximum amount allowed by law;

c. An permanent injunction, prohibiting the Defendants from using the Compositions in any manner whatsoever;

d. A declaration that Plaintiff is the sole owner of all copyrights in the Compositions

e. All of Plaintiff's reasonable attorney fees and other costs of suit;

f. All lawful interest on the above; and

g. Such other further relief that this Court shall deem just and proper.

Dated: New York, New York
January 8, 2008

ROBERTS & RITHOLZ LLP

By:_____
Jeff Sanders (JS 3989)
183 Madison Avenue, Penthouse
New York, New York 10016
Tel: (212) 448-1800
Email: jsanders@robritlaw.com

*Attorneys for Plaintiff*