UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RICHARD REINHARDT
(pka Richie Ramone and Richie Beau), an individual,  :    07 Civ. 8233 (SAS)

                Plaintiff,    :

  -against-    :

WAL MART STORES, INC., APPLE, INC.,    :
REALNETWORKS, INC., ESTATE OF
JOHN CUMMINGS (aka JOHN RAMONE and    :
JOHNNY RAMONE), TACO TUNES, INC.,
RAMONES PRODUCTIONS, INC.,    :
HERZOG & STRAUS, IRA HERZOG,
              Defendants.    :
------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' APPLICATION FOR ATTORNEYS' FEES PURSUANT TO 17 U.S.C. §505**

This memorandum of law is submitted in support of the motion brought by defendants Taco Tunes, Inc. ("Taco Tunes"), Ramones Productions, Inc. ("Ramones Productions"), the John Family Trust (incorrectly named in the complaint as the Estate of John Cummings), Herzog & Straus, and Ira Herzog ("Herzog") (collectively referred to herein as the "Defendants") seeking an award of attorneys' fees in this action from plaintiff Richard Reinhardt ("Plaintiff") pursuant to the terms of 17 U.S.C. § 505.

## Preliminary Statement

As the undisputed prevailing parties in this copyright infringement action, Defendants respectfully request that this Court award Defendants their reasonable attorneys' fees pursuant to the fee shifting provisions of 17 U.S.C. §505. Plaintiff's lawsuit, now dismissed, baselessly alleged that the Defendants infringed certain copyrights purportedly owned by Defendants' "unauthorized" digital uses of musical compositions written by the Plaintiff while he was briefly employed as a replacement drummer for the music group known as The Ramones. The Plaintiff's distorted contractual interpretation was so specious that this Court flatly rejected the Plaintiff's position and dismissed the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]

This Court held, in pertinent part, that the relevant contract language authorizing digital uses by the Defendants of musical compositions authored by the Plaintiff appearing on sound recordings containing songs by The Ramones was "clear and unambiguous" and that "the phrase 'now or hereafter known,' when referring to forms of reproduction, reveals that future

---

[1] A copy of the April 18, 2008 order dismissing the amended complaint is annexed to the accompanying Declaration of Stewart L. Levy dated May 2, 2008 ("Levy Dec.") as Exhibit A.

1

technologies are covered by the agreement" (Levy Dec., Ex. A, 15) and that the "most reasonable reading of this [contractual] language supports Defendants' use in digital form." (Levy Dec., Ex. A, p.16).

This Court also summarily rejected, as being "without merit," Plaintiff's central argument that digital downloads are "transmitted and licensed to end users rather than manufactured or sold." (Levy Dec., Ex. A, p. 16). This Court correctly noted the folly of Plaintiff's attempted distinction holding that the Plaintiff "failed to meet his burden" that would justify a departure from the plain reading of the underlying agreement "particularly because he alleges [in the Amended Complaint] that the digital recordings were sold, contradicting his own argument [in Plaintiff's Memorandum In Opposition] that digital recordings are licensed but not sold." (Levy Dec., Ex. A, p. 16).

An award of attorneys' fees is particularly warranted in this case where the Plaintiff based his entire action on a patently unreasonable interpretation of the governing 1984 employment agreement between the relevant parties. The Court should also note that Plaintiff has a history of commencing, without success, multiple litigations against the Defendants. Under the circumstances, this Court should grant Defendants' request for attorney's fees in this case as both a fair and reasonable means for Defendants to recover certain costs incurred in the defense of this frivolous action as well as to deter Plaintiff from bringing meritless lawsuits in the future.

Procedural Background

Plaintiff, to the accompaniment of widespread press coverage, which he presumably solicited, commenced this copyright infringement action on September 21, 2007. This case became the latest

2

lawsuit in a series of complaints filed by him against Ramones Productions, Taco Tunes, the John Family Trust, Herzog and Herzog and Straus. Plaintiff's prior actions all essentially alleged that Taco Tunes and Ramones Productions violated their 1984 written agreement with the Plaintiff by failing to pay proper royalties.[2] Although Plaintiff amended his complaint on January 8, 2008, the Amended Complaint contained essentially the same substantive allegations as the initial pleading. In this action, now dismissed, Plaintiff claimed that all of the Defendants should be liable for copyright infringement based on the commercial exploitation of six (6) musical compositions written by the Plaintiff and appearing on sound recordings of The Ramones released in digital or electronic formats. Plaintiff also sought an additional claim for contributory infringement against the Estate of John Cummings, Herzog, Herzog & Strauss and Ramones Productions for the same commercial uses of the sound recordings.

In an effort to avoid needless and costly discovery, Defendants promptly sought to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on January 18, 2008. Despite opposition from the Plaintiff, as detailed more fully, *supra*, this Court granted Defendants' motion to dismiss the Amended Complaint by order dated April 18, 2008 (Levy Dec., Ex. A).

Defendants now move, pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure and 17 U.S.C. §505, for an award of attorneys' fees as the prevailing party in this copyright infringement action.

---

[2] The only remaining lawsuit between Plaintiff and the Defendants is an action brought in the New York Supreme Court for the County of New York entitled, Reinhardt v. Cummings et al, Index No. 04/601064. A motion is pending seeking an order dismissing that case.

3

**Argument**

**I**

**AS THE PREVAILING PARTIES IN THIS COPYRIGHT INFRINGEMENT ACTION, DEFENDANTS ARE ENTITLED TO AN AWARD OF REASONABLE ATTORNEY'S FEES**

Section 505 of the Copyright Act (17 U.S.C. Section 505) provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party . . . Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the cost.

The United States Supreme Court has provided a list of non-exclusive factors that a court may consider in determining whether a prevailing party should receive an award of attorney's fees including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogarty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994), *Crescent Publ'g Group, Inc. v. Playboy Enters.*, 246 F.3d 142, 147 (2d Cir. 2001) ("the standard governing the award of attorneys' fees is identical for prevailing plaintiffs and prevailing defendants"); *Mallery v. NBC Universal, Inc.*, 2008 U.S. Dist. LEXIS 20893 at *5 (S.D.N.Y. 2008) ("It is therefore appropriate to award attorney's fees to the defendants under § 505"); *see also Kroll-O'Gara Co. v. First Defense Int'l, Inc.*, 2000 U.S. Dist. LEXIS 4549, *3 (S.D.N.Y. 2000) (Scheindlin, J.) ("the prevailing view is that 'although attorney's fees are awarded in the trial court's discretion, they [attorney's fees] are the rule rather than the exception and should be awarded routinely.'") (internal citations omitted) (emphasis added).

Courts in this District also routinely award attorneys fees in cases where the plaintiff has made patently unreasonable copyright infringement claims. In *Polsby v. St. Martin's Press*, 2000

4

U.S. Dist. LEXIS 596, 2000, WL 98057, at *3 (S.D.N.Y. Jan. 18, 2000), this Court awarded costs and fees against a *pro se* copyright plaintiff based, inter alia, "on the objective lack of merit in th[e] case." *See also Chivalry Film Prods. v. NBC Universal, Inc.*, 2007 U.S. Dist. LEXIS 86889 at *7-9 (S.D.N.Y 2007) ("The complete lack of any reasonable basis for plaintiff's copyright claim thus establishes that his claim was frivolous and objectively unreasonable, and an award of fees and costs is appropriate here").

Further, courts regularly recognize the deterrent value of an award of attorneys' fees in copyright infringement actions. The *Chivalry* court held that "just as attorney fee awards may chill litigation of close cases, . . . the denial of such awards in objectively unreasonable cases also disserves the purposes of copyright law, by failing to protect the owners of valid copyrights from the cost of frivolous litigation." *Chivalry*, 2007 U.S. Dist. LEXIS 86889 at *8-9 (internal citations omitted). The *Chivalry* court also stated that "the denial of fees and costs to a prevailing defendant in an objectively unreasonable copyright case may spur additional frivolous lawsuits, of exactly the sort that an award of fees and costs is designed to "chill." *Id*; *see also Polsby Great Am. Fun Corp. v. Hosung N.Y. Trading, Inc.*, 1997 U.S. Dist. LEXIS 3623, at * 3 (S.D.N.Y.1999) ("Future litigants should be discouraged from comparable behavior").

When determining the reasonableness of attorneys' fees under Section 505 of the 1976 Copyright Act, "this Circuit uses the 'lodestar method,' which involves a comparison of the rates charged by the prevailing party's counsel with the rates charged by attorneys of similar skill and experience practicing in the same locality." *See Crescent*, 246 F. 3d at 150; and *Video-Cinema Films, Inc. v. CNN, Inc.*, 2004 U.S. Dist. LEXIS 1428 (2004) ("fees are determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly

5

rate"). In this case, Defendants' modest request for $52,199.75 (exclusive of fees incurred in connection with this motion or in response to any appeals filed by the Plaintiff) for the swift and successful refutation of Plaintiff's frivolous copyright infringement claims should be granted, particularly given the well established rates of similarly experienced attorneys in Manhattan. *See Video-Cinema Films, Inc. v. CNN, Inc.*, 2004 U.S. Dist. LEXIS 1428 (S.D.N.Y. 2004) ("in 2000, the median billing for New York City intellectual property law firms were $ 370 per hour for partners and $ 250 per hour for associates") and *Pannonia Farms, Inc. v. USA Cable*, 2006 U.S. Dist. LEXIS 73519 (S.D.N.Y. 2006) (The rates of $400/hour and $225/hour for partners and associates, respectively, "are consistent with those of similarly skilled attorneys working in comparable New York law firms").

In support of their claim for attorneys' fees in this action, Defendants' counsel has submitted an attorney declaration from Stewart L. Levy, contemporaneous billing statements reflecting amounts actually charged to the Defendants, a statement regarding each attorney's individual billing rate and copies of relevant professional biographies in accordance with the requirements of this Circuit. *See Peer International Corp. v. Max Music & Entertainment, Inc.*, 2004 U.S. Dist. LEXIS 12760 (S.D.N.Y. 2004). Defendants request for attorney's fees in an amount equal to $52,199.75 should, therefore, be granted pursuant to Section 505 of the Copyright Act.

## Conclusion

As the prevailing parties in this copyright infringement action, Defendants are entitled to an award of attorneys' fees particularly given the objective unreasonableness of the Plaintiff's claims as well as taking into account the campaign of litigation that Plaintiff has waged against the Defendants for the last several years. This Court should, therefore, grant Defendants' present motion for attorneys' fees brought pursuant to 17 U.S.C. §505 for the amount of $52,199.75.

Dated:    New York, New York
          May 2, 2008

                                      EISENBERG TANCHUM & LEVY
*Attorneys for Defendants Taco Tunes, Inc., Ramones Productions, Inc., The John Family Trust (incorrectly captioned as the "Estate of John Cummings"), Herzog & Strauss and Ira Herzog*

By: _____
      Stewart L. Levy (SLL-2892)
      James E. Doherty (JED-1596)
      675 Third Avenue
      New York, New York 10017
      Tel.# 212-599-0777

To:   Roberts & Ritholz
      *Attorneys for Plaintiff*
      183 Madison Avenue, Penthouse
      New York, New York 10016
      Tel.#212-448-1800