UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Richard Reinhardt p/k/a Richie Ramone, | : |
| Plaintiff, | : |
| -v- | : |
| Wal-Mart Stores, Inc., Apple, Inc., RealNetworks, Inc., Taco Tunes, Inc, Ramones Productions, Inc., Estate of John Cummings, Herzog & Strauss and Ira Herzog | : |
| Defendants. | : |

07 CV 8233 (SAS)

## MEMORANDUM OF LAW IN OPPOSITION OF DEFENDANTS' MOTION FOR ATTORNEY'S FEES PURSUANT TO 17 U.S.C. §505

ROBERTS & RITHOLZ LLP
183 Madison Avenue, 19th Floor
New York, New York 10016
Tel: (212) 448-1800
Fax: (212) 504-9553
Email: jsanders@robritlaw.com

*Attorneys for Plaintiff*

Of counsel:
    Jeff Sanders, Esq.
    Tanya Curcio*

*Admission Pending

# **TABLE OF CONTENTS**

Table of Contents ..................................................................................................... i

Table of Authorities ................................................................................................ ii

Procedural Background ........................................................................................... 1

Argument ................................................................................................................. 1

    1. The Defendant's Motion for Attorney's Fee should be denied because the Plaintiff's claims were objectively reasonable and the amount of attorney's fees requested is undocumented and excessive. ......................................................... 1

        A. Plaintiff's claims are objectively reasonable. ............................................. 3

        B. The amount of attorney's fees requested is not properly documented with an itemized date and descriptions of the work performed and the fees requested are excessive. ..................................................................................................... 6

    2. In the Alternative, if this Court does grant an award of attorney's fees, the award should be greatly reduced to reflect the vast financial disparity between the Plaintiff and the Defendants. .......................................................................... 8

Conclusion ............................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Cases**

*Ackoff-Ortega v. Windswept Pacific Ent. Co.*, No. 99 Civ. 11710, 2001 WL 225246 (S.D.N.Y. March 1, 2001).................................................................................5

*Ann Howard Designs, L.P. v. Southern Frills, Inc.*, 7 F. Supp.2d 388 (S.D.N.Y. 1998)...3

*Arclightz & Films Pvt. Ltd. v. Video Palace, Inc.*, No. 01 Civ. 10135, 2003 WL 22434153 (S.D.N.Y. Oct. 24, 2003)..........................................................................................3

*Baker v. Urban Outfitters, Inc.*, 431 F. Supp.2d 351 (S.D.N.Y. 2006).....................3, 7

*Broadcast Music, Inc., v. R Bar of Manhattan*, 919 F.Supp. 656 (S.D.N.Y. 1996).........7

*Brown v. Perdue*, No. 04 Civ. 7417, 2006 WL 2679936 (S.D.N.Y. Sept. 15, 2006).........

*Chivalry Film Prods v. NBC Universal, Inc.*, No. 05 Civ. 5627, 2007 WL 4190793 (S.D.N.Y. Nov. 27, 2007)......................................................................*passem*

*Earth Flag, Ltd. v. Alamo Flag Co.*, 154 F.Supp.2d 663 (S.D.N.Y. 2001)..............1, 2

*Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)..................................................3, 4

*Hensley v. Eckerhart*, 461 U.S. 424 (1939).........................................................7

*Kroll-O'Gara, Co. v. Firstdefense Int'l, Inc.*, No. 99 Civ. 4899, 2000 WL 369721 (S.D.N.Y. April 11, 2000) ...............................................................................7

*Lieb v. Topstone Industries, Inc.*, 788 F.2d 151 (N.J. 1986) ...............................9

*Lide v. Abbott House*, No. 05 Civ. 3790, 2008 WL 495304 (S.D.N.Y. Feb. 25, 2008).....7

*Littel v. Twentieth Century-Fox Film Corp.*, No. 89 Civ. 8526, 1996 WL 18819 (S.D.N.Y. Jan. 18, 1996)..............................................................................3, 5

*Lotus Dev. Corp. v. Borland Int'l, Inc.*, 140 F.3d 70 (1st Cir. 1998).........................

*Matthew Bender & Co. v. West Publ'g Co.*, 240 F.3d 116 (2d Cir. 2001)..............2, 3

*Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.*, No 96 Civ. 4126, 2004 WL 728878 (S.D.N.Y. April 6, 2004) ..........................................*passem*

*Proctor & Gamble Co. v. Colgate-Palmolive Co.*, No. 96 Civ. 9123, 1999 WL 504909 (S.D.N.Y. July 15, 1999)..................................................................................................3

*Torah Soft Ltd. v. Drosnin*, No. 00 Civ. 5650, 2001 WL 1506013 (S.D.N.Y. Nov. 27, 2001).......................................................................................................................10

*Tuff 'N' Rumble Management, Inc. v. Profile Records, Inc*, No. 95 Civ. 0246, 1997 WL 470114 (S.D.N.Y. Aug. 15, 1997) ....................................................................10

*Ward v. Brown*, 899 F. Supp. 123 (W.D.N.Y. 1995) ............................................8

*Williams v. Crichton*, 891 F.Supp. 120 (S.D.N.Y. 1994)......................................5

*Williams v. Crichton*, No. 93 Civ. 6829, 1995 WL 449068 (S.D.N.Y. July 26, 1995).9, 10

**Code**

The Copyright Act, as amended, 17 U.S.C. §505 (1976)..........................................3

The Copyright Act, as amended, 17 U.S.C. §201(a) (1976) ....................................4

Plaintiff, by his undersigned attorneys, submits this Memorandum of Law together with the Declaration of Jeff Sanders, Esq. and Richie Reinhardt, sworn to on May 27, 2008, and the Exhibit annexed thereto in opposition to the Defendants' Motion for Attorney's Fees pursuant to 17 U.S.C. §505.

## PROCEDURAL BACKGROUND

On September 21, 2007, Mr. Reinhardt filed a copyright infringement action against the Ramones Defendants[1] alleging copyright infringement of six (6) musical Compositions written by Mr. Reinhardt, and seeking a declaration of copyright ownership with respect to the Compositions. The Ramones Defendants filed a Motion to Dismiss on January 18, 2008 to which the Digital Defendant's joined. The Plaintiff filed a Memorandum in Opposition to the Motion to Dismiss on February 19, 2008. The Ramones Defendants replied on March 5, 2005. The Motion to Dismiss was granted pursuant to an Order and Opinion on April 18, 2008. On May 2, 2008, the Ramones Defendants (with the Digital Defendant's joining) filed a Motion for Attorney's Fees pursuant to 17 U.S.C. §505. The Plaintiff filed a Notice of Appeal to the Second Circuit on May 9, 2008.

## ARGUMENT

1. **The Defendant's Motion for Attorney's Fee should be denied because the Plaintiff's claims were objectively reasonable and the amount of attorney's fees requested is undocumented and excessive.**

Under §505 of the Copyright Act, a prevailing party may be entitled to recover attorney's fees if the Court, in its discretion, determines that such an award is warranted.

---

[1] Defined terms have the same meaning in this Memorandum as in Schedule A of the Plaintiff's Memorandum of Law in Opposition of the Defendant's Motion to Dismiss unless separately defined herein.

1

Among the primary factors that Courts in this Circuit evaluate in determining whether a prevailing party is entitled to an award of attorney's fees are whether the non-prevailing party's claims and defenses were objectively reasonable, and whether the fees requested are properly documented. *Matthew Bender & Co. v. West Publ'g Co.*, 240 F.3d 116, 122 (2d Cir. 2001). Only after determining whether an award is warranted in the First instance should a Court determine the amount of fees to be awarded. *See e.g., Earth Flag, Ltd. v. Alamo Flag Co.*, 154 F.Supp.2d 663, 668 (S.D.N.Y. 2001) (J. Scheindlin). Where the plaintiff's claims were factually and legally supported, as they are in this case, the claims are not objectively unreasonable and no award of attorney's fees is warranted. *Chivalry Film Prods v. NBC Universal, Inc.*, No. 05 Civ. 5627, 2007 WL 4190793 at *2 (S.D.N.Y. Nov. 27, 2007) *citing Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.*, No 96 Civ. 4126, 2004 WL 728878 (S.D.N.Y. April 6, 2004).

Only when a Court finds objective unreasonableness should the Court review the documentation submitted by the Defendant's to determine if the hourly rates and time expended were reasonable. *Chivalry Film Prods*, 2007 WL 4190793 at *2 *citing Penguin Books U.S.A., Inc.*, 2004 WL 728878. If an itemized list of the work performed is not provided and the fees requested are excessive, as is the case here, this Court should deny the motion for attorney's fees. *Earth Flag, Ltd.*, 154 F.Supp.2d at 668 (denying the recovery of attorney's fees for failure to present an itemized list of the work performed and for excessive hours). Thus, the Defendant's Motion for attorney's fees should be denied.

2

**A. Plaintiff's claims are objectively reasonable.**

The general rule is that each party assumes its own costs and fees in litigation unless Congress provides otherwise. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994). While Section 505 of the Copyright Act permits attorney's fees to be awarded to the prevailing party, the Supreme Court has expressly rejected a rule that would automatically award fees to the prevailing party. Instead, fee award should only be made in the court's discretion, after consideration of equitable factors such as frivolousness, motivation, objective unreasonableness (both factually and legally) and the need to advance the purpose of the Copyright Act. 17 U.S.C. §505; *Fogerty*, 510 U.S. at 534; *see also, Littel v. Twentieth Century-Fox Film Corp.*, No. 89 Civ. 8526, 1996 WL 18819, *1 (S.D.N.Y. Jan. 18, 1996) (stating an award of attorney's fees is "by no means automatic").

In the Second Circuit, objective unreasonableness has been given substantial weight and is perhaps the most significant factors in evaluating a prevailing parties' entitlement to a fee award. *Baker v. Urban Outfitters, Inc.*, 431 F.Supp.2d 351, 358 (S.D.N.Y. 2006) *citing Matthew Bender & Co.*, 240 F.3d at 122. A case is not objectively unreasonable or frivolous simply because the defendant has prevailed. *Ann Howard Designs, L.P. v. Southern Frills, Inc.*, 7 F.Supp.2d 388, 390 (S.D.N.Y. 1998); *Arclightz & Films Pvt. Ltd. v. Video Palace, Inc.*, No. 01 Civ. 10135, 2003 WL 22434153, *3 (S.D.N.Y. Oct. 24, 2003) (J. Schendlin); *Littel*, 1996 WL 18819, *1. Similarly, a defendant's success on a motion to dismiss does not require the court to award attorney's fees. *See e.g., Chivarly Film Prod.*, 2007 WL 4190793 at *2. If all unsuccessful parties' claims were deemed unreasonable or frivolous, it would impose a

per se rule granting attorney's fees and would chill litigation which may further the purposes of the Copyright Act. *Fogerty*, 510 U.S. at 534; *Chivarly Film Prod.*, 2007 WL 4190793 at *2. In determining whether the Court should award attorney's fees the question "is not whether there was a sufficient basis for judgment in favor of the defendants, but whether the factual and legal support for plaintiff's position was so lacking as to render its claim objectively unreasonable." *Penguin Books U.S.A., Inc.*, 2004 WL 728878 at *2 *citing Proctor & Gamble Co. v. Colgate-Palmolive Co.*, No. 96 Civ. 9123, 1999 WL 504909 at *2 (S.D.N.Y. July 15, 1999).

Unlike the non prevailing parties in the cases cited by Defendants, Mr. Reinhardt's claims are reasonable and rest on sound principles of copyright law, even if this Court rejected his construction of the 1984 Agreement. It is incontrovertible that Mr. Reinhardt is the author of the Compositions. (Am. Compl. ¶13; Def's Mem. in Supp. of Mt. to Dismiss, pg. 3). Accordingly, it is uncontroverted that he is the original owner of Copyright in the Compositions. 17 U.S.C. §201(a). It is also uncontroverted that Mr. Reinhardt licensed the Compositions to Ramones Productions in the 1984 Agreement ¶10. The dispute here runs to the current ownership and to the scope of the license granted pursuant to ¶10 of the 1984 Agreement. The fact that the scope of similar licenses is at issue in at least two federal actions[2] reflects that authorization of digital uses is a hotly contested area of copyright law within the music industry, and that the

---

[2] Copyright cases addressing digital exploitation of music are far from frivolous, and many are working their way through the federal courts. *See e.g. Metro Goldwyn Mayer Studios, Inc. v. Grokster, Ltd.* 545 U.S. 913 (2005); *A&M Records, Inc. v. Napster, Inc.*, 284 F.3d 1091 (9th Cir.2002). More specifically, two recent federal cases, one pending, the other recently settled, name Apple as a defendant and address the precise questions raised here—when and under what circumstances does end user digital licensing exceed the scope of previously granted rights to exploit music compositions? *Dunbar v. Gottwald*, 07-02578 (CRB)(N.Cal.) (case involving iTunes offer of download licenses of an Avril Lavigne composition, settled); *Eight Mile Style, LLC v. Apple Computer, Inc.* 07-13164 (ADT)(E.D.Mich.)(case involving iTunes offer of download licneses of Eminem compositions, pending).

4

challenge raised here is not only reasonable but squarely within the range of objective reasonableness.

Furthermore, the Defendants failed to articulate any reason, explanation, comparison or legal analysis as to why the Plaintiff's claims in this case were objectively unreasonable as to warrant an award of attorney's fee. (Def. Mem. of Law at 4-5). Instead, Defendants contend that success on the merits alone warrants an award of fees. However, as this Court noted in *Chivalry* (relied on heavily by Defendants), "the fact that a defendant has prevailed on a motion to dismiss or on summary judgment does not require the court to award fees." 1999 WL 504909 at *2.

In *Chivalry* this Court found the plaintiff's claims to be objectively unreasonable because the works at issue were "so extraordinarily different" that the plaintiff did not claim infringement based on substantial similarities (the legal standard for non-literal copyright infringement), but rather on the "absence of similarity." 2007 WL 4190793 at *3. The plaintiff's claims in *Chivalry* were objectively unreasonable because they were based on allegations "that the defendants blatantly went through extremes in revisions and manipulations in an attempt to conceal and subterfuge said crime by revising the said screenplay." *Id*. Similarly, in *Littel* this Court found plaintiff's claims to be objectively unreasonable because the plaintiff conceded that the works at issue bore "no resemblance to one another in terms of setting, plot, sequence of events, or individual scenes." 1996 WL 18819 at *2. Additionally in *Williams v. Crichton*, 891 F.Supp. 120 (S.D.N.Y. 1994), the Court concluded that the Plaintiff was objectively unreasonable because he conceded to attempting to protect "uncopyrightable concept[s]".

5

The Defendant's also imply incorrectly that they are entitled to attorney's fees because of the Plaintiff's "history of commencing, without success, multiple litigations against the Defendants." (pg. 2) Significantly, however, there is no such history of unsuccessful multiple litigations. A single case asserting state claims involving Plaintiff and some of the Defendants here is pending in the Supreme Court, New York County. At a recent conference in that case, the Ramones Defendants' counsel conceded that if they were to prevail on a pending motion to dismiss, the case would still proceed to discovery. Moreover, this Court has denied an award of attorney's fees even where the non-prevailing party had been involved in multiple prior litigations. *See, Ackoff-Ortega v. Windswept Pac. Entm't Co.*, 99 Civ. 11710, 2001 WL 225246 (S.D.N.Y. March 1, 2001) (J. Schendlin). Accordingly, the Defendants' motion for attorney's fees is unwarranted and should be denied.

### B. The amount of attorney's fees requested is not properly documented with an itemized date and descriptions of the work performed and the fees requested are excessive.

A party seeking an award of attorney's fees "should submit evidence supporting the hours worked and rates claimed." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1939). In this District, an application for attorney's fees must be supported by "contemporaneous time records which specify, by attorney, the date, the hours expended, and the nature of the work done." *Kroll-O'Gara, Co. v. Firstdefense Int'l, Inc.*, No. 99 Civ. 4899, 2000 WL 369721 (S.D.N.Y. April 11, 2000) (J. Scheindlin) *citing Broadcast Music, Inc., v. R Bar of Manhattan*, 919 F.Supp. 656 (S.D.N.Y. 1996); *see also e.g., Arclightz*, 2003 WL 22434153 at *6. This specificity allows the Court to determine the reasonableness of the requested attorney fees by looking for "excessive, redundant or otherwise unnecessary

6

hours." *Lide v. Abbott House*, No. 05 Civ. 3790, 2008 WL 495304 at *1(S.D.N.Y. Feb. 25, 2008) (J. Scheindlin); see also, *Earth Flag, Ltd.*, 154 F.Supp.2d at 669-670 (denying attorney's fees for "failure to present an itemized list of the work done.") A "'hindsight review' is not an adequate substitute for contemporaneous time records." *Broadcast Music, Inc.*, 919 F.Supp. at 661 *citing Ward v. Brown*, 899 F. Supp. 123, 130 (W.D.N.Y. 1995). Since neither Gibson, Dunn & Crutcher ("GDC") nor Eisenberg, Tanchum & Levy ("ETL") have complied with this District's requirement for specific contemporaneous time records, the motion should be denied.

GDC's joinder to the Motion for attorney's fees fails to provide any records whatsoever of the dates, hours or nature of the work performed. The only mention of time is that Cynthia Arato and Gabrielle Levin "gathered information, conducted legal research and expended time in preparing the motion to dismiss." (Declaration of Cynthia Arato, Esq., ¶ 2, sworn to on May 2, 2008 ("Arato Decl.")). GDC provided no documentation or time records in support of this claim. After providing hourly rates, Ms. Arato simply concludes that the fees billed by her firm total $28,860. (Arato Decl. ¶5).

Moreover, there is no evidence in this case of any meaningful work having been provided by GDC. GDC is not of counsel to either the moving, reply or fee motion briefs, and instead submitted a cursory joinder to the moving briefs on the motions to dismiss and for fees, GDC did not even submit a joinder to the Reply Memorandum of Law in Support of Defendant's Motion to Dismiss. Critically, in a telephone call with Plaintiff's counsel, Ms. Arato claimed that she was not familiar with many of the issues raised on the Motion to Dismiss, and relied primarily on Counsel to the Ramones Defendants to advance this motion. (Declaration of Jeff Sanders, Esq., sworn to on May,

7

27, 2008 ("Sander's Decl.")). In light of the record in this case and Ms. Arato's statements, there is no basis to award attorneys fees to the Digital Defendants.

ETL's motion on behalf of the Ramones fails to provide any record of the dates in which the firm's 161 hours were accumulated or specific detail as how that time was expended. The bills submitted by ETL consist of a single paragraph of sorted tasks with a monthly total for each attorney. This failure to provide specific itemized list detail of the hours and tasks performed and the attorneys and paralegals who performed them precludes a sound evaluation of the reasonableness of the requested fees. Accordingly, the fee motion should be denied in its entirety.

## 2. In the Alternative, if this Court does grant an award of attorney's fees, the award should be greatly reduced to reflect the vast financial disparity between the Plaintiff and the Defendants.

If this Court should find that the Plaintiff's are claims objectively unreasonable and the Defendant's attorney's fee applications reasonable and properly documented, the Plaintiff's lack of financial resources in relation to the Defendants' significant wealth should be considered in determining the amount of the award.

In determining the amount of an award for attorney's fees, the financial resources of the unsuccessful party are a significant factor. *Penguin Books U.S.A., Inc.*, 2004 WL 728878 at *5 (financial disparities may be a factor considered in determining the magnitude of an award once it has been resolved that such an award is appropriate); *see also, Williams v. Crichton,* No. 93 Civ. 6829, 1995 WL 449068 at *1 (S.D.N.Y. July 26, 1995) (taking into consideration the relative financial strength of the parties in "determining the amount of an award under 17 U.S.C. §505" after a decision to award fees had been reached) (*citing Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (N.J.

8

1986) ("Having decided that fees should be awarded, the district court must then determine what amount is reasonable under the circumstances... The relative financial strengths of the parties is a valid consideration ."); *Torah Soft Ltd. v. Drosnin*, No. 00 Civ. 5650, 2001 WL 1506013 at *6 (S.D.N.Y. Nov. 27, 2001) (acknowledging that facts establishing a party's limited financial resources, "if fully documented, may affect the magnitude of any award"); *Tuff 'N' Rumble Management, Inc. v. Profile Records, Inc*, No. 95 Civ. 0246, 1997 WL 470114 at *1 (S.D.N.Y. Aug. 15, 1997) (granting attorneys' fees but awarding a lower amount than requested "in recognition of plaintiff's claimed financial instability"); *Littel*, 1996 WL 18819, at *3 (determining that defendants are entitled to recover attorneys' fees but, "mindful of the likelihood of a significant disparity between the parties' financial circumstances," directing the submission of further financial information before the amount of an award is set).

If the Court determines that an award is warranted, the purpose of the Copyright Act will be served by awarding relatively small amounts of attorney's fees when the relative financial resources of the parties is so disproportionate. *Chivalry Film Prods*, 2007 WL 4190793 at *4 (S.D.N.Y. Nov. 27, 2007) citing *Williams v. Crichton*, No. 93 Civ. 6829, 1995 WL 449068 at *1 (S.D.N.Y. July 26, 1995). Defendants Wal-Mart Stores, Inc., Apple, Inc., and RealNetworks, Inc. have reported $12.7 billion, $3.5 billion, $4.8 million respectfully.[3] Similarly, the Defendants Ramones Productions, Inc. and Taco Tunes have been corporate actors for the Ramones' business for more than thirty years and are presumably financially sound. The Plaintiff however, is an individual who, together with his wife earned approximately $127,000 in 2007. Plaintiff has submitted

---

[3] Walmart's 2007 income statement can be found at http://finance.yahoo.com/q/is?s=WMT&annual; Apple's 2007 income statement can be found at http://finance.yahoo.com/q/is?s=AAPL&annual; and RealNEtwork's 2007 income statement can be found at http://finance.yahoo.com/q/is?s=RNWK&annual.

9

for this Court's review, under seal, his most recent tax returns. An award in the amounts requested by the Defendants will cause serious financial hardship to the Plaintiff and his family, while the award of a nominal amount will not have any material financial effects on the Defendants. Thus, in the event that this Court finds that an award of attorney's fees is warranted, the financial disparities between the parties should be considered and the award should be greatly reduced accordingly.

## CONCLUSION

For the foregoing reasons this Court must deny the Defendant's Motion for Attorney's Fee pursuant to 17 U.S.C. §505.

Dated: New York, New York
May 27, 2008

Respectfully Submitted,

ROBERTS & RITHOLZ, LLP

By: _____
Jeff Sanders (JS 3989)
183 Madison Avenue, Penthouse
New York, NY 10016
Tel: 212-448-1800
E-Mail: jsanders@robritlaw.com

*Attorney for the Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Richard Reinhardt p/k/a Richie Ramone, :

    Plaintiff, :

       -v- : 07 CV 8233 (SAS)
          : Declaration

Wal-Mart Stores, Inc., Apple, Inc.,
RealNetworks, Inc., Taco Tunes, Inc,  :
Ramones Productions, Inc.,
Estate of John Cummings, Herzog & Strauss and  :
Ira Herzog

    Defendants. :

---

## DECLARATION OF JEFF SANDERS

Jeff Sanders declares, under penalty of perjury:

1. At some time in late February or early March, 2008, I spoke with Cynthia Arato, Esq., counsel for Defendants Walmart, regarding her request for an extension of time to submit reply papers. In the course of that discussion, I asked her about certain substantive arguments addressed in the Ramones Defendant's Moving Memorandum of Law to which the Digital Defendants joined. Ms. Arato replied that she did not pay close attention to the Moving papers, was unfamiliar with the details of the arguments advanced and relied on counsel for the Ramones Defendants to research, draft and finalize the documents.

2. Despite my offer to consent to whatever extensions of time Ms. Arato requested, she neither submitted a separate reply brief for her clients, nor did the Digital Defendants submit a joinder to the Ramones Defendant's Reply Memorandum of Law.

3. In light of Ms. Arato's conceded lack of participation in the Motion to Dismiss, failure to separately reply or even join in the Ramones Defendant's Reply Memorandum and absence of any records documenting or describing the time she or her associate spent on this matter, the request for over $28,000 is startlingly at odds with the record, and should be denied.

I declare, pursuant to 28 U.S.C. §1746, under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       March 27, 2008

_____
Jeff Sanders
188 Madison Avenue, 19th Floor
New York, New York 10016
Tel: (212) 448-1800
Fax: (212) 504-9553
Email: jsanders@robritlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Richard Reinhardt p/k/a Richie Ramone,

    Plaintiff,

      -v-

Wal-Mart Stores, Inc., Apple, Inc.,
RealNetworks, Inc., Taco Tunes, Inc,
Ramones Productions, Inc.,
Estate of John Cummings, Herzog & Strauss and
Ira Herzog

    Defendants.

07 CV 8233 (SAS)
Declaration

---

## DECLARATION OF RICHARD REINHARDT

RICHARD RIENHARDT, declares, under penalty of perjury:

1. I am the plaintiff in the aforesaid case.

2. The forms attached hereto are true copies of the joint 2007 tax returns filed by me and my wife, Annette Stark and are being submitted under seal to the Court.

I declare, pursuant to 28 U.S.C. §1746, under penalty of perjury that the foregoing is true and correct.

Dated: Scottsdale, Arizona
       March 27, 2008

By: _____
    Richard Reinhardt

# EXHIBIT A
To the Plaintiff's Declaration

**Filed under seal with Court.**