UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RICHARD REINHARDT                                                :
(pka Richie Ramone and Richie Beau), an individual,              :    Index No. 07 Civ. 8233
(SAS)                                                            :
                                                                 :
                        Plaintiff,                               :
                                                                 :
    -against-                                                    :
                                                                 :
WAL MART STORES, INC., APPLE, INC.,                              :
REALNETWORKS, INC., ESTATE OF                                    :
JOHN CUMMINGS (aka JOHN RAMONE and                               :
JOHNNY RAMONE), TACO TUNES, INC.,                                :
RAMONES PRODUCTION, INC., HERZOG & STRAUS,:
IRA HERZOG,                                                      :
                        Defendants.                              :
-----------------------------------------------------------------X


**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
THE RAMONES DEFENDANTS' REQUEST FOR ATTORNEYS' FEES**

Table of Authorities

**Cases Cited:**                                                                                   Page(s)

Arclightz and Films Pvt. Ltd. v. Video Palace, Inc.,
303 F.Supp. 2d 356 (S.D.N.Y. 2003) ……………………………………….    3, 4, 5, 6

Bauer v. Yellen, 2008 U.S.Dist. LEXIS 33419 (S.D.N.Y. 2008) …………..    7

Chivalry Film Prods. v. NBC Universal Inc., 2007 U.S.Dist. LEXIS 86889
(S.D.N.Y. 2007) ………………………………………………………………    5, 6, 7

Contractual Obligations Prods., LLC v. AMC Networks, Inc.,
2008 U.S.Dist. LEXIS 24004 (S.D.N.Y. 2008)…………………………………    6, 7, 8

Design Tex Group, Inc. v. U.S. Vinyl Mfg. Corp., 2005 U.S.Dist. LEXIS 18276
(S.D.N.Y. 2005) ……………………………………………………………….    6

Earth Flag Ltd. v. Alamo Flag Co., 154 F.Supp. 2d 663 (S.D.N.Y. 2001)………    4, 5

Fogarty v. Fantasy, Inc., 510 U.S. 517 (1994) ……………………………..……    2, 3

Kroll-O'Gara Co. v. First Defense Int'l, Inc., 2000 U.S.Dist. LEXIS 4549
(S.D.N.Y. 2000) ………………………………………………………………    4, 5

Matthew Bender & Co., Inc. v. West Publ'g Co., 240 F.3d 116 (2d Cir. 1998)……    3

**Statute Cited:**
17 U.S.C. § 505 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    1, 2, 5, 8

## TABLE OF CONTENTS

Page

Table of Authorities .......................................................................................................... ii

Preliminary Statement ....................................................................................................... 1

Argument I

    Since The Plaintiff's Claims Were Objectively Unreasonable Given The "Clear And Unambiguous" Language Of The 1984 Agreement, This Court Should Award Attorneys Fees To The Ramones Defendants .......................................... 2

Argument II

    The Ramones Defendants Are Requesting A Reasonable Amount Of Costs ................................................................................................................... 6

Argument III

    Plaintiff Has A Significant Level Of Income And Has Not Established Financial Hardship That Would Warrant An Equitable Deduction To An Award Of Attorneys' Fees ....................................................................................................... 7

Conclusion ........................................................................................................................ 9

Preliminary Statement

This reply memorandum of law is submitted in further support of the motion by defendants Taco Tunes, Inc. ("Taco Tunes"), Ramones Productions, Inc. ("RPI"), the John Family Trust of 1997 (incorrectly named in the complaint as the "Estate of John Cummings"), Herzog & Straus ("HS") and Ira Herzog ("Herzog") (Collectively referred to as the "Ramones Defendants") seeking an award of attorneys fees pursuant to 17 U.S.C. §505 as the prevailing parties in a copyright infringement action.

By written order dated April 18, 2008 (the "Order") (Declaration of Stewart L. Levy dated May 2, 2008 – "Levy Dec.", Ex. A, p. 2), this Court dismissed Plaintiff's claims of copyright infringement based on the defendants' digital use of six musical compositions[1] (the "Compositions") holding that such use by the defendants was expressly authorized by the "clear and unambiguous" plain language of the written employment agreement between the plaintiff, RPI and Taco Tunes dated August 1, 1984 (the "1984 Agreement"). The Court also expressly rejected as being "without merit" the plaintiff's specious claim that the digital uses of the Compositions are not covered by the 1984 Agreement since such uses were allegedly "licensed but not sold." Instead, the Court noted that plaintiff's position in this regard contradicted the allegation in his amended complaint that "Apple, Wal-Mart and RealNetworks 'continuously sold and offered to sell digital recordings' of the Compositions." (Levy Dec. Ex. A, p. 16 and n. 69). Plaintiff's claims of copyright infringement against the defendants were, therefore, objectively unreasonable and warrant an award of attorneys fees pursuant to 17 U.S.C. §505.

---

1. The six musical compositions at issue in this case are *Smash You, Somebody Put Something in My Drink, Human Kind, I'm Not Jesus, I Know Better Now and (You) Can't Say Anything Nice.*
G:\APPL\PUBDOC\18047\REPLY MOL in Support of Attys Fees.doc

Contrary to the plaintiff's arguments, The Ramones Defendants' request for fees in the amount of $52,199.75 is reasonable both in terms of the legal team's hourly rates and time spent on the successful defense of this action. The amount is also sufficiently supported by the Ramones Defendants' submissions to the Court which may be supplemented at a subsequent hearing, if necessary. Given the fact that the plaintiff filed a notice of appeal on May 12, 2008, potentially increasing the amounts sought by the Ramones Defendants for legal fees substantially, the Ramones Defendants would consent to a two tiered approach to this motion whereby the Court issues a initial ruling on the subject of attorneys' fees and, if granted, order a separate hearing to determine the actual amount of said award after the plaintiff has exhausted the appeals process.

Finally, by his own account, the plaintiff is hardly in dire straits financially. The plaintiff and his wife reported joint income for 2007 of "approximately $127,000." (Plaintiff's Memorandum of Law in Opposition dated May 27, 2008, p.9). Plaintiff's rather significant level of income, coupled with the deterrent value of a fee award, do not warrant an equitable reduction of an award of reasonable attorneys fees based on plaintiff's alleged financial hardship.

I.  **Since The Plaintiff's Claims Were Objectively Unreasonable Given The "Clear And Unambiguous" Language Of The 1984 Agreement, This Court Should Award Attorneys Fees To The Ramones Defendants**

The Ramones Defendants are essentially in agreement with the plaintiff's recitation of the law governing an award of attorneys fees pursuant to 17 U.S.C.§505 that a court "may . . . award a reasonable attorney's fee to the prevailing party as part of the costs." *Fogarty v. Fantasy, Inc.*, 510 U.S. 517, 533, 127 L.Ed. 2d 455, 114 S.Ct. 1023 (1994). In considering whether to make such an award, the Court should also consider a series of non-exclusive factors such as "frivolousness,

motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.*, at 533 n.19.

The Second Circuit has written that the "objective unreasonableness" factor should be given "substantial weight" *Matthew Bender & Co., Inc. v. West Publ'g Co.*, 240 F.3d 116, 122, 2001 U.S. App. LEXIS 896 at *17 (2d Cir. 1998) and this Court has regularly applied a heightened consideration of the "objective unreasonableness" standard when awarding attorneys fees to prevailing parties in copyright infringement actions. In *Arclightz and Films Pvt. Ltd. v. Video Palace Inc.*, 303 F. Supp. 2d 356, 2003 U.S.Dist. LEXIS 19086 at *11 (S.D.N.Y. 2003) (Scheindlin, J.), this Court stated that "several courts in this Circuit have awarded attorneys' fees to prevailing defendants solely upon a showing that the plaintiff's position was objectively unreasonable, even without a showing of bad faith or frivolousness." In finding the plaintiff's claims to be objectively unreasonable, this Court held, in *Arclightz*, "where a plaintiff's case is devoid of legal or factual basis, failing to award attorneys' fees to defendants in such situations would invite others to bring similarly unreasonable actions without fear of any consequences. Under the circumstances of [such a] case, and to advance considerations of compensation and deterrence, defendants must be compensated for being forced to defend against such a baseless action." (internal quotation omitted). Such a determination is also warranted in this case.

In the Order dismissing the plaintiff's claims for copyright infringement, this Court flatly rejected the plaintiff's claims that the 1984 Agreement did not apply to digital uses of the Compositions. On the contrary, it expressly held that the "plain language" of the 1984 Agreement was "clear and unambiguous" in that it conveyed to defendant RPI the "right to sell and distribute the

'phonograph records' through new technologies, including digital formats" in "all forms, now or hereafter known." (Levy Dec., Ex A, pgs 15-16). Plaintiff's commencement of this action, given the plain language of the 1984 Agreement, can only be viewed as being objectively unreasonable.

In addition to *Arclightz*, the plaintiff curiously cites several other cases which, in reality, support the Ramones Defendants' position in this motion.[2] *Earth Flag Ltd. v. Alamo Flag Co.*, 154 F.Supp. 2d 663; 2001 U.S.Dist. LEXIS 9878 (S.D.N.Y. 2001) (Scheindlin, J.) is another case where this Court applied the "objective unreasonableness" standard when awarding attorneys fees to the prevailing defendants. Although this Court's holding in *Earth Flag* focused on the lack of originality of the underlying work, the analysis can be readily applied to this case. Here, as in *Earth Flag*, the plaintiff presented "a straightforward copyright infringement claim that was objectively unreasonable" since it "did not involve complicated issues of law and fact, and an award of attorneys' fees in such a case would beneficially deter, rather than excessively chill, future lawsuits." *Id.*, at 668. This Court further stated that the issue of whether or not the plaintiff's claims against the *Earth Flag* defendants was objectively unreasonable was "not a close one." *Id.*, at 667.

Nor is this case a "close" call with respect to objectively unreasonable nature of the plaintiff's claims. This Court ruled that the "clear and unambiguous" language of the 1984 Agreement

---

[2] Plaintiff's reliance on *Kroll-O'Gara Co. v. First Defense Int'l, Inc.*, 2000 U.S. Dist. LEXIS 4549, *3 (S.D.N.Y. 2000) (Scheindlin, J.) is particularly questionable given this Court's holding, previously presented by the Ramones Defendants, that "the prevailing view is that 'although attorney's fees are awarded in the trial court's discretion, <u>they [attorney's fees] are the rule rather than the exception and should be awarded routinely.</u>'"(internal citations omitted) (emphasis added). There is no reason for this Court to apply anything other than routine practice in awarding the Ramones Defendants attorneys' fees as the prevailing parties.

conveyed a right to the defendants to commercially exploit the Compositions in digital formats. This Court further held that "<u>it is not reasonable</u> to construe the phrase 'all forms' 'now or hereafter known' to exclude Defendants' alleged digital download form, which now constitutes a form of reproduction." (Levy Dec., Ex. A, p. 15) (emphasis added). This Court has, therefore, already determined that the plaintiff's central basis for this action was unreasonable. This Court's swift and complete repudiation of plaintiff's flawed contractual interpretation is, as a general matter, further evidence that the plaintiff's claims were objectively unreasonable. As such, this Court should award attorneys' fees to the Ramones Defendants pursuant to 17 U.S.C.§505 and consistent with its holdings in *Arclightz*, *Earth Flag* and *Kroll-O'Gara Co.*

Plaintiff mistakenly relies on *Chivalry Film Prods v. NBC Universal, Inc.*, 2007 U.S. Dist. LEXIS 86889 at *7-9 (S.D.N.Y 2007) in support of his position that his claims were objectively reasonable since he believes such claims were "factually and legally supported." However, in *Chivalry*, a case previously cited by the Ramones Defendants, the Court awarded attorneys fees and costs to the prevailing defendants in a copyright action where, as here, there was a "complete lack of any reasonable basis for plaintiff's copyright claim . . . [making the claim] frivolous and objectively unreasonable . . ." The *Chivalry* Court explained that "the need for deterrence against objectively unreasonable copyright claims is significant . . . [and warned that] the denial of such awards in objectively unreasonable cases also disserves the purposes of copyright law, by failing to protect the owners of valid copyrights from the cost of frivolous litigation." *Id.*, at *8. Lastly, and applicable to the plaintiff in this case, *Chivalry* held that "the denial of fees and costs to a prevailing defendant in an objectively unreasonable copyright case may spur additional frivolous lawsuits, of exactly the sort that an award of fees and costs is designed to chill" and that "future litigants should be discouraged

G:\APPL\PUBDOC\18047\REPLY MOL in Support of Attys Fees.doc

from comparable behavior." *Id.*

Given the objective unreasonableness of the plaintiff's claims and the controlling law of this Circuit, this Court should grant the Ramones Defendants' request for attorneys' fees. There is simply no reason for this Court to diverge from the "routine" nature of awarding such fees to prevailing defendants in objectively unreasonable copyright infringement actions such as this one.

## II. The Ramones Defendants Are Requesting A Reasonable Amount Of Costs

Despite plaintiff's protestations to the contrary, the Ramones Defendants are requesting a reasonable amount of attorneys' fees. Counsels' hourly rates are clearly well within, if not below, the prevailing rates in the Southern District. In fact, in 2003, this Court approved as "reasonable" hourly rates of $360.00 and $170.00-$190.00 for experienced partners and associates, respectively, when awarding attorneys fees to a prevailing party in a copyright action. *Arclightz*, 2003 U.S.Dist. LEXIS at * 25-26. Other Courts have recently found to be "reasonable" higher hourly rates than those charged by the Ramones Defendants' attorneys ($375.00 and $210.00 per hour for Stewart L. Levy and James E. Doherty, respectively). *See Design Tex Group, Inc. v. U.S. Vinyl Mfg. Corp.*, 2005 U.S. Dist. LEXIS 18276, at *10 (S.D.N.Y. 2005) (The Court held that the "requested compensation of $ 395 to $ 485 per hour for partners' work, $180 to $ 265 per hour for associates' work," . . . was reasonable and also that "higher rates have been found reasonable for experienced intellectual property litigators in New York City").

While the Ramones Defendants believe that counsel has supplied sufficient records supporting an award of attorney's fees, counsel will produce records to the Court should it require any additional materials before rendering a decision. However, as referenced above, this Court may elect to order a hearing to set the amount of attorneys' fees to award after first determining whether

G:\APPL\PUBDOC\18047\REPLY MOL in Support of Attys Fees.doc

such an award is warranted. *See Contractual Obligation Prods., LLC v. AMC Networks, Inc.*, 2008 U.S. Dist. LEXIS 24004, *32 (S.D.N.Y. 2008) (The defendants' "motion for an order directing plaintiff to pay their reasonable attorneys' fees and costs incurred in defending against plaintiff's copyright infringement . . . claims is granted. Cablevision and Rainbow shall submit the proper documentation of those fees and costs within twenty (20) days of the date of this Memorandum Opinion and Order"); *Bauer v. Yellen*, 2008 U.S.Dist. LEXIS 33419, *19 (S.D.N.Y. 2008) (The Court first awarded attorneys' fees to the prevailing defendants and instructed them to submit their application for a set amount within twenty (20) days); and *Chivalry*, 2007 U.S. Dist. LEXIS 86889 at *11-12. Such a two tiered approach to the determination of fees in this case is particularly advisable given plaintiff's notice of appeal dated May 12, 2008.

### III. Plaintiff Has A Significant Level Of Income And Has Not Established Financial Hardship That Would Warrant An Equitable Deduction To An Award Of Attorneys' Fees

While it is true that a Court may exercise its discretion and reduce an award of attorneys fees based on the relative financial positions of the parties, such an equitable reduction would be inappropriate in this case. Plaintiff has stated that he, along with his wife, jointly earned "approximately $127,000 in 2007" which is a significant level of income. (*See* Plaintiff's Memorandum in Opposition, pg. 9). Additionally, the plaintiff's 2007 tax return and self serving bare declaration are not sufficient, by themselves, to support the plaintiff's claim of undue hardship. *See Contractual Obligation Prods., LLC*, 2008 U.S. Dist. LEXIS 24004 at *31-32 (In refusing to reduce the amount of attorneys fees awarded to the prevailing defendant in a copyright infringement action, the Court held that the plaintiff did not "establish plaintiff's inability to pay an attorney's fee award" due to the plaintiff's failure to submit sufficient documentation in support of his claim of

financial hardship).

Moreover, plaintiff's statement that defendants RPI and Taco Tunes "are presumably financially sound" is conclusory and is based on nothing other than plaintiff's speculation.[3] In reality, it is public knowledge that most of the original members of The Ramones are deceased. The premature death of these extremely creative individuals is not only sorrowful on a human level, but, from a business perspective, has resulted in a lack of new songs and touring income that has limited the sources of revenue for the Ramones Defendants. Thus, the more than $50,000 in legal expenses incurred by the Ramones Defendants in connection with this lawsuit (Levy Dec., ¶7), plus whatever costs are incurred in connection with this motion and plaintiff's appeal are a substantial burden on the Ramones Defendants. In the event that the Court awards the Ramones Defendants attorneys fees in this action, there should, therefore, be no equitable reduction of such award based on the plaintiff's claim of financial hardship.

---

[3] The Court should note that the plaintiff baselessly sued Ira Herzog, individually, along with his former accounting firm potentially exposing those entities to significant legal costs simply because Herzog and HS performed professional services for defendants RPI and Taco Tunes for many years.
G:\APPL\PUBDOC\18047\REPLY MOL in Support of Attys Fees.doc

## Conclusion

For the reasons above, as well as those previously set forth in Defendants' initial memorandum of law in support of this request for attorneys fees pursuant to 17 U.S.C. §505, the Court should grant the Ramones Defendants' request for attorneys fees.

Dated: New York, New York
June 6, 2008

                                                EISENBERG TANCHUM & LEVY
*Attorneys for Defendants Taco Tunes, Inc., Ramones Productions, Inc., The John Family Trust of 1997 (incorrectly captioned as the "Estate of John Cummings"), Herzog & Strauss and Ira Herzog*

By: _____
Stewart L. Levy (SL- 2892)
James E. Doherty (JD-1596)
675 Third Avenue, Suite 2900
New York, New York 10017
Tel.# 212-599-0777

To: Roberts & Ritholz
*Attorneys for Plaintiff*
183 Madison Avenue, Penthouse
New York, New York 10016
Tel.#212-448-1800

G:\APPL\PUBDOC\18047\REPLY MOL in Support of Attys Fees.doc

- 9 -