UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RICHARD REINHARDT : 07 Civ. 8233 (SAS)
(pka Richie Ramone and Richie Beau), an individual, :
:
                       Plaintiff, :
: REPLY DECLARATION OF
   -against- : CYNTHIA S. ARATO IN
: FURTHER SUPPORT OF
WAL MART STORES, INC., APPLE, INC., : DEFENDANTS'
REALNETWORKS, INC., ESTATE OF : APPLICATION FOR
JOHN CUMMINGS (aka JOHN RAMONE and : ATTORNEYS' FEES
JOHNNY RAMONE), TACO TUNES, INC., : PURSUANT TO 17 USC § 505
RAMONES PRODUCTS, INC., :
HERZOG & STRAUS, IRA HERZOG, :
:
                       Defendants. :
------------------------------------------------------------------X

      CYNTHIA S. ARATO, declares as follows:

      1.     I am a partner with the law firm Gibson, Dunn & Crutcher, LLP. I am counsel for defendants Walmart Stores, Inc. and Real Networks, Inc. (the "Digital Providers"). I submit this Reply Declaration in further support of Defendants' application for attorneys' fees and to document the attorneys' fees and expenses incurred in connection with my firm's representation of the Digital Providers in this action.

      2.     Defendants Wal-Mart Stores, Inc. and RealNetworks, Inc. (the "Digital Providers") join in the Reply Brief in Further Support of the Application for Attorneys' Fees Pursuant to 17 USC § 505 filed in this action by Defendants Estate of John Cummings, Taco Tunes, Inc., Ira Herzog, Ramones Productions, Inc. and Herzog & Strauss.

      3.     In their opposition to Defendants' motion for attorneys' fees, Plaintiff asserts that Defendants' motion should be denied because Defendants did not submit its "contemporaneous time records" to this Court in connection with the moving brief. Pl's. Opp. at 2, 6. However, as

Plaintiff concedes, "[o]nly after determining whether an award is warranted in the first instance should a Court determine the amount of fees to be awarded." Pl's. Opp. at 2 (citing *Earth Flag, Ltd. v. Alamo Flag Co.*, 154 F. Supp. 2d 663, 668 (S.D.N.Y. 2001) (Scheindlin, J.)). Counsel for the Digital Provider Defendants believed that the Court would proceed in this manner and thus awaited this Court's threshold determination that an award of attorneys' fees was warranted before submitting further detail regarding such fees. *See also Contractual Obligation Prods., LLC v. AMC Networks, Inc.*, 2008 U.S. Dist. LEXIS 24002, *32 (S.D.N.Y. 2008).

4. In light of Plaintiff's opposition, annexed hereto as Exhibit A are true and correct copies of contemporaneous time records regarding the attorneys' fees and expenses incurred in this action. In addition to reflecting my work and the work of Gabrielle Levin (at the rates set forth in my prior declaration), the time records reflect the work done by Angel Arias, a senior paralegal, at the rate of $320.00 per hour. The total time entries reflect fees of $24,165.00, and reflect a minor downward adjustment from the amount noted in my earlier declaration, apparently due to a mathematical error.

5. Plaintiff next contends in his opposition brief that my firm, Gibson, Dunn & Crutcher, LLP, did not perform any "meaningful work" in this case. In support of this erroneous contention, Plaintiff contends that he and I had a telephone conversation during which I allegedly claimed that I was "not familiar" with the issues raised on the Motion to Dismiss and relied on counsel to the Ramones Defendants to advance this motion. Pl's. Opp. at 7; Declaration of Jeff Sanders, Esq., dated May 27, 2008. This is not true. I only spoke with Plaintiff's counsel on two occasions and Plaintiff's counsel appears to be conflating these two conversations into one – in a manner designed to mislead this Court. The first conversation that I had with Plaintiff's counsel was at the very outset of this action, after I had just been retained to represent the Digital

Providers. During that conversation, Plaintiff's counsel asked me why the Ramones Defendants were unwilling to make a settlement offer to Plaintiff. At that time, I was not yet fully familiar with this action and I did not want to interfere with the Ramones' dealings with Plaintiff. As a result, at that early point in time, I informed Plaintiff's counsel that I was not familiar with the issues and arguments in this action and that his settlement issues would have to be addressed with counsel for the Ramones Defendants. The second conversation I had with Plaintiff's counsel was to request an extension of the Defendants' time to file a reply brief regarding their Motion to Dismiss. At no time during this conversation did I state that I was unfamiliar with the Motion to Dismiss papers in this case. Nor did I state or suggest that my firm had not been actively involved in preparing those papers. To the contrary, my firm worked diligently on the Motion to Dismiss papers in connection with counsel for the Ramones. While the Digital Providers did not submit a separate Motion to Dismiss (or Reply brief) in this action in order to avoid burdening the Court with two separate filings, my firm nevertheless did significant work in connection with these papers, including providing edits and comments to the papers filed by the Ramones, consulting with counsel for the Ramones and conducting research regarding various legal issues.

    I declare under penalty of perjury that the foregoing is true and correct. Executed on this 6th day of June, 2008 in New York, New York.

                                                              _____
                                                                  Cynthia S. Arato

100456215_1.DOC