UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

RICHARD REINHARDT (p/k/a RICHIE
RAMONE and RICHIE BEAU),

                Plaintiff,

    - against -

WAL-MART STORES, INC., APPLE, INC.,
REALNETWORKS, INC., ESTATE OF
JOHN CUMMINGS (a/k/a JOHN RAMONE
and JOHNNY RAMONE), TACO TUNES,
INC., RAMONES PRODUCTIONS, INC.,
HERZOG & STRAUSS, and IRA HERZOG,

                Defendants.

------------------------------------------------------------X

**MEMORANDUM OPINION AND ORDER**

07 Civ. 8233 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

      Plaintiff Richard Reinhardt (p/k/a Richie Ramone and Richie Beau) brought suit against defendants for the alleged infringement of his copyright to certain compositions (the "Compositions") that he authored while he was a member of the punk rock band the Ramones.[1] Specifically, plaintiff alleged that his copyright was infringed by defendants' exploitation of the Compositions in digital formats without his permission and in violation of the governing contract. By Opinion and Order dated April 18, 2008 (the "April 18 Opinion"), this Court

---

    [1] Knowledge of the factual background of this action is assumed. *See Reinhardt v. Wal-Mart Stores, Inc.*, 547 F. Supp. 2d 346 (S.D.N.Y. 2008).

granted defendants' motion to dismiss and closed the case on the ground that the plain language of the contract authorized the digital uses complained of by plaintiff.

Defendants Taco Tunes, Inc., Ramones Productions, Inc., the Estate of John Cummings, Herzog & Strauss, and Ira Herzog move for an award of attorney's fees pursuant to 17 U.S.C. § 505 ("section 505") in the amount of $52,199.75. Defendants Wal-Mart Stores, Inc. and Real Networks, Inc. have joined the motion and request attorney's fees in the amount of $28,860.00.[2]

Under section 505 of the Copyright Act of 1976 (the "Act"), courts are granted discretion to award reasonable attorney's fees and costs in cases arising under the Act.[3] The Supreme Court has held that attorneys' fees should be equally available to prevailing plaintiffs and prevailing defendants under this provision.[4] However, the Supreme Court has rejected the automatic award of attorney's fees to prevailing parties, instructing that such fees should be awarded

---

[2] Apple, Inc. appears to be the only defendant that has chosen not to join in the application for attorney's fees.

[3] See 17 U.S.C. § 505. Section 505 provides in relevant part that "[i]n any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party . . . . Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." Id.

[4] See Fogerty v. Fantasy, Inc., 510 U.S. 517, 533 (1994).

"only as a matter of the court's discretion."[5]

Courts are instructed to exercise their discretion by evaluating inter alia "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in the particular circumstances to advance considerations of compensation and deterrence."[6] However, "such factors may be used only 'so long as [they] are faithful to the purposes of the Copyright Act.'"[7] The two principal purposes behind the Copyright Act are securing a fair return for an author's creative labor and stimulating artistic creativity for the general public good.[8]

The Second Circuit has emphasized that the factor of "objective reasonableness" is to be accorded "substantial weight"[9] because "the imposition of a fee award against a . . . [party] with an objectively reasonable litigation position will generally not promote the purposes of the Copyright Act."[10] Courts in this circuit have "generally concluded that only those claims that are clearly without

---

[5]   *Id.* at 534.

[6]   *Id.* at 533 n.19 (quotation marks omitted).

[7]   *Matthew Bender & Co. v. West Publ'g Co.*, 240 F.3d 116, 121 (2d Cir. 2001) (quoting *Fogerty*, 510 U.S. at 534).

[8]   *See Fogerty*, 510 U.S. at 526.

[9]   *Matthew Bender*, 240 F.3d at 121-22.

[10]  *Id.* at 122.

merit or otherwise patently devoid of legal or factual basis ought to be deemed objectively unreasonable."[11] Indeed, a court should not award attorneys' fees where the case is novel or close because such a litigation clarifies the boundaries of copyright law.[12]

Here, defendants contend that they are entitled to attorney's fees on the grounds that: *first*, plaintiff's copyright claim was factually and legally unreasonable as evidenced by the Court's analysis set forth in the April 18 Opinion; and *second*, there is a need in these particular circumstances for compensation and deterrence where, according to defendants, plaintiff is unreasonably litigious.[13] Plaintiff opposes the motion, arguing that its claims, though unsuccessful, were not objectively unreasonable and defendants' motion is solely predicated on their success at the motion to dismiss stage.[14] Plaintiff further contends that, should the Court grant attorney's fees, the award should be

---

[11] *Silverstein v. Penguin Putnam, Inc.*, No. 01 Civ. 309, 2008 WL 678559, at *3 (S.D.N.Y. Mar. 12, 2008) (quotation marks omitted).

[12] *See Fogerty*, 510 U.S. at 527 ("Because copyright law ultimately serves the purpose of enriching the general public through access to creative works, it is peculiarly important that the boundaries of copyright law be demarcated as clearly as possible.").

[13] *See* Memorandum of Law in Support of Defendants' Application for Attorney['s] Fees Pursuant to 17 U.S.C. § 505 ("Def. Mem.") at 2.

[14] *See* Memorandum of Law in Opposition of Defendants' Motion for Attorney's Fees Pursuant to 17 U.S.C. § 505 at 5.

"reduced to reflect the vast financial disparity between the [p]laintiff and the [d]efendants."[15]

As set forth in the April 18 Opinion, I dismissed this action on the ground that the clear and unambiguous language of the operative contract – a recording agreement entered into between plaintiff and Ramones Productions in 1984 (the "Agreement") – reveals that the defendants' allegedly infringing use of the Compositions in digital format is actually licensed under the Agreement.[16] Although plaintiff's claims could not withstand a motion to dismiss, I decline to award attorney's fees under section 505 because those claims were not objectively unreasonable.

*First*, plaintiff is the undisputed author of the Compositions and the owner of purportedly valid copyrights to those Compositions. *Second*, the defendants made use of that copyrighted material in a format that was not expressly defined or even referred to in the Agreement governing the terms of defendants' use. *Third*, although plaintiff's claims fall within the "new use"

---

[15] *Id.* at 8.

[16] *See Reinhardt*, 547 F. Supp. 2d at 354-55. Because I held that there was no copyright infringement, I also dismissed plaintiff's contributory infringement claim against defendants Estate of John Cummings, Herzog & Strauss, Herzog, and Ramones Productions. *See id.* at 355.

jurisprudence that has been explored and developed by courts in the past,[17] it is also true that the "digital format" that comprised the core of the dispute constitutes an area of copyright law that is still being developed. While I cannot characterize plaintiff's claims as presenting novel or close issues or clarifying the boundaries of copyright law, I cannot say, under the circumstances, that they are "patently devoid of legal or factual basis."[18]

Because "a finding of objective reasonableness does not necessarily preclude the award of attorney's fees [] if other factors justify such an award," I

---

[17]   See, e.g., *Boosey & Hawkes Music Publishers, Ltd v. Walt Disney Co.*, 145 F.3d 481 (2d Cir. 1998).

[18]   *Silverstein*, 2008 WL 678559, at *3 (quotation marks omitted). *Cf. Chivalry Film Prods. v. NBC Universal, Inc.*, No. 05 Civ. 5627, 2007 WL 4190793, at *3 (S.D.N.Y. Nov. 27, 2007) (granting defendants' motion for attorney's fees under section 505 where the court had previously granted summary judgment to defendants on the ground that plaintiff's work and defendants' allegedly infringing work "could not be more different in total concept and feel" and plaintiff had based his claim on the lack of similarity) (quotation marks omitted).

Defendants cite to a case in which I noted that an award of attorney's fees is "'the rule rather than the exception and should be awarded routinely.'" Reply Memorandum of Law in Further Support of the Ramones Defendants' Request for Attorney[']s Fees at 4 n.2 (quoting *Kroll O'Gara Co. v. First Defense Int'l, Inc.*, No. 99 Civ. 4899, 2000 WL 369721, at *1 (S.D.N.Y. Apr. 11, 2000). As a result, defendants posit that "[t]here is no reason for this Court to apply anything other than routine practice in awarding the [] [d]efendants attorney[']s fees as the prevailing parties." *Id.* Nonetheless, section 505 "does not establish a per se entitlement of attorney's fees whenever issues pertaining to judgment are resolved against a copyright plaintiff." *Silverstein*, 2008 WL 678559, at *3 (quotation marks omitted).

shall also consider whether plaintiff acted in bad faith or with an improper motivation, or whether the goals of compensation and deterrence warrant an award.[19] Defendants do not argue that plaintiff's action was improperly motivated, or that plaintiff otherwise demonstrated any bad faith. In the absence of any indication that bad faith or improper motivation are present, I decline to award fees on these grounds.

Defendants do contend, however, that plaintiff has unsuccessfully commenced several actions against them in the past and they request attorney's fees to deter plaintiff in the future.[20] I cannot assess the quality of plaintiff's prior claims. Nonetheless, as explained earlier, plaintiff's claims here were not objectively unreasonable. Thus, the goals of compensation and deterrence do not militate in favor of an award. While it would be unreasonable for plaintiff to further litigate the parameters of the Agreement with respect to "new uses" in light of the April 18 Opinion, awarding fees here would not serve the purpose of deterring baseless claims brought under the Copyright Act.

For the foregoing reasons, defendants' motion for attorney's fees pursuant to section 505 is denied, and the parties shall bear their own costs. The

---

[19] *Ariel (UK) Ltd. v. Reuters Group PLC*, No. 05 Civ. 9646, 2007 WL 194683, at *4 (S.D.N.Y. Jan. 24, 2007).

[20] *See* Def. Mem. at 2.

Clerk of the Court is directed to close the motion [document no. 14].

SO ORDERED:

_____
Shira A. Scheindlin
U.S.D.J.

Dated:     New York, New York
           July 10, 2008

## -Appearances-

**For Plaintiff:**

Jeff Sanders, Esq.
Roberts & Ritholz LLP
183 Madison Avenue, 19th Floor
New York, New York 10016
(212) 448-1800

**For Defendants:**

Stewart L. Levy, Esq.
James E. Doherty, Esq.
Eisenberg Tanchum & Levy
675 Third Avenue
New York, New York 10017
(212) 599-0777

*Of Counsel:*

Michael D. Friedman, Esq.
Troutman Sanders LLP
405 Lexington Avenue
New York, New York 10174

Curtis B. Krasik, Esq.
Kirkpatrick & Lockhart Preston Gates Ellis LLP
535 Smithfield Street
Pittsburgh, Pennsylvania 15222